BORCHERS v. BORCHERS.

Opinion delivered October 18, 1920.

WILLS — HOLOGRAPHIC WILL — SIGNATURE.—Under Kirby's Digest, §
8012, providing that every will must be subscribed by the testa-
tator at the end, a statement by a son in an unsigned postscript
to a letter written to his father is not a valid holographic will.

Appeal from Garland Circuit Court; *Scott Wood,*
Judge; affirmed.

*S. W. Garratt,* for appellant.

The instrument presented for probate was a will.
Kirby's Digest, § 8012; 80 Ark. 204; 118 N. C. 202; 113
Pac. 130; 40 Enc. of Law & Prac., p. 1315. A written re-
vocation of a will requires the same kind and measure of
evidence as the probate of a will. Schouler on Wills,
par. 423; 117 Ind. 44. The findings and judgment are er-
roneous and should be reversed.

*Calvin T. Cotham,* for appellee.

The letter offered for probate was not a will; (1) it
was not so intended; (2) it was not executed and wit-
nessed as required by law. Kirby's Dig., § 8012; 40
Cyc. 1097; 1105-7; 121 Ark. 452; 1 Schouler on Wills,
379; Alexander on Wills, 627; 25 Cyc. 895. The insur-
ance policy being payable to Elizabeth Borchers can not
be disposed of by the assured through will.

HUMPHREYS, J. This suit grew out of a contest of
the alleged holographic will of Charles S. Borchers, de-
ceased, filed for probate by his father, Fred Borchers, in
the Garland Probate Court. At the time of executing the
alleged will, Charles S. Borchers was a soldier in the
United States army at Camp Beauregard. A number of
years prior to his enlistment in the army, his mother and
father had separated and obtained a divorce. Charles
S. Borchers was the business manager of a bakery op-
erated by his mother, and, during his entire life, had re-
sided with her. He was twenty-eight years of age. Dur-
ing his military service he procured a policy of insurance

from the War Risk Bureau of the United States Government, in which policy his mother was designated as the beneficiary. At the time the alleged will in question was filed for probate, the mother of the deceased had been drawing a monthly payment of $57.60 under the terms of the policy from the United States Government. The alleged will offered for probate by appellant consisted of a statement in the nature of a postscript to a letter written by Charles S. Borchers to his father from Camp Beauregard, Louisiana. The statement itself was not signed, but appeared after the signature of the deceased, and is as follows: "Papa, if I die for my country, I want you to receive my insurance money. Goodbye." It was established by the required number of witnesses that the letter was in the handwriting of the deceased, Charles S. Borchers. The letters written by Charles S. Borchers to his mother, both before and after the letter in question, contained the information that an allotment had been made to her and that he had procured an insurance policy in which she had been made the beneficiary. Under our view of the law, it is unnecessary to set out the other evidence in the case.

In both the probate and circuit courts, judgments were rendered rejecting the alleged will for probate. An appeal has been duly prosecuted to this court from the judgment rendered in the circuit court.

It is insisted by appellant that the unsigned statement of Charles S. Borchers, in the nature of a postscript to a letter written by him to his father, is a holographic will and that the court erred in ruling otherwise. Section 8012 of Kirby's Digest requires that "every last will and testament of real or personal property * * * must be subscribed by the testator at the end of the will, or by some person for him, at his request." This court declared in the case of *Owens* v. *Douglas,* 121 Ark. 448, that the purpose of the statute in making this requirement was to provide against fraud, citing, in support of the construction given the statute, 40 Cyc. 1105.

It being necessary to the validity of a holographic will that the signature of the testator appear at the end thereof, the judgment below was correct, and is affirmed.